UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUNIOUS NIELSEN,

                          Plaintiff,

-against-                        23-CV-5619 (JGLC)

J.C. PENNY COMPANY, INC.,                  **ORDER**

                        Defendant.

JESSICA G. L. CLARKE, United States District Judge:

    *Pro se* Plaintiff Junious Nielsen ("Plaintiff" or "Nielsen") brought this action alleging that Defendant J.C. Penny Company, Inc. ("Defendant" or "JCPenney")[1] fired him in violation of the Uniformed Services Employment and Reemployment Act. ECF No. 1. On August 17, 2023, the Court referred this case to Magistrate Judge James L. Cott for general pretrial supervision and all dispositive motions. ECF No. 24. In a Report and Recommendation filed on August 24, 2023, Magistrate Judge Cott described the relevant facts and procedural history of the case and recommended that the undersigned deny Plaintiff's Motion for Default Judgment, ECF No. 12, and Plaintiff's Motion for Summary Judgment, ECF No. 21, without prejudice to renewal. ECF No. 26. On September 5, 2023, Plaintiff timely filed objections to the Report and Recommendation. ECF No. 29. No opposition has been received from Defendant.

    A district court reviewing a magistrate judge's report and recommendation may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Within fourteen days after the magistrate judge has issued their report and recommendation, "any party may serve and file written objections to such

---

[1] Plaintiff filed the Complaint against "J.C. Penny Company, Inc.," but presumably intends to bring suit against the department store JCPenney.

proposed findings and recommendations." *Id.*; *see also* Fed. R. Civ. P. 72(b)(2). A district court reviews *de novo* the portions of the report and recommendation to which objection is made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). For portions of the report and recommendation to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *Fischer v. Forrest*, 286 F. Supp. 3d 590, 600 (S.D.N.Y. 2018), *aff'd*, 968 F.3d 216 (2d Cir. 2020) (internal citation omitted). "To the extent that the objecting party makes only conclusory or general objections, or simply reiterates the original arguments, the court will review the report and recommendation strictly for clear error." *Giallanzo v. City of New York*, 630 F. Supp. 3d 439, 450 (S.D.N.Y. 2022).

Applying the *de novo* standard of review, the Court overrules Plaintiff's objections, finding the Report and Recommendation to be well-reasoned and grounded in fact and law. Plaintiff objects to Magistrate Judge Cott's Report and Recommendation on the basis that service was properly effectuated. ECF No. 29. The Court finds that Magistrate Judge Cott correctly noted that a motion for default judgment may not be granted when the Clerk of Court has not entered a Certificate of Default and that Magistrate Judge Cott correctly determined that JCPenney has not been properly served with the summons, Complaint or summary judgment papers.

Accordingly, it is hereby ORDERED that the Report and Recommendation of Magistrate Judge Cott is ADOPTED in its entirety. Plaintiff's Motion for Default Judgment and Plaintiff's

Motion for Summary Judgment are DENIED. The Clerk of Court is respectfully directed to terminate ECF Nos. 12 and 21.

Dated: September 29, 2023
       New York, New York

                                              SO ORDERED.

                                              *Jessica Clarke*
                                              JESSICA G. L. CLARKE
                                              United States District Judge