```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
JUNIOUS NIELSEN,                               :
                                               :
                        Plaintiff,             :
                                               :
        -v-                                    :
                                               :
J.C. PENNY COMPANY, INC.,                      :
                                               :
                        Defendant.             :
---------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/3/2024

**ORDER**

23-CV-5619 (JGLC) (JLC)

**JAMES L. COTT, United States Magistrate Judge.**

*Pro se* plaintiff Junious Nielsen brings this action alleging that Defendant J.C. Penny Company, Inc. ("Defendant" or "JCPenney") unlawfully discriminated against him due to his military service and terminated his employment. Complaint dated June 30, 2023, at ECF page 5 (Dkt. No. 1).[1]

Because plaintiff has been granted permission to proceed *in forma pauperis* ("IFP") (Dkt. No. 35), he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *See, e.g., Walker v. Schult*, 717 F.3d 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Previous attempts to serve defendant appear to have been ineffective. *See* Dkt. Nos. 36, 49. Because there is a "strong preference for resolving disputes on the merits," *City of*

---

[1] Presumably, Nielsen intends to bring this suit against the department store JCPenney, which he has misspelled in his complaint and other filings.

*New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 129 (2d Cir. 2011), and it is well-settled that "defaults are generally disfavored and are reserved for rare occasions," *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993), the Court will again attempt to facilitate service.  The Court has discovered that JCPenney is a co-defendant and has recently appeared in another action in this District, *Amarte USA Holdings, Inc. v. Bergdorf Goodman LLC et al.*, No. 24-CV-883 (AS).  In *Amarte*, plaintiff requested and received a summons addressed to:

> Penney OpCo LLC
> c/o CT Corporation System
> 28 Liberty Street
> New York, NY 10005

*Amarte*, Dkt. No 17.  However, the affidavit of service indicates that the process server effected service on JCPenney via the New York Secretary of State's office at One Commerce Plaza, 99 Washington Avenue, Albany, NY 12231.  *Id.,* Dkt. No. 26.  In an abundance of caution, in this case the Marshals are directed to attempt service at both the Liberty Street address and via the New York Secretary of State.

To allow Plaintiff to effect service on Defendant through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for this Defendant.  The Clerk of Court is further instructed to issue a summons and deliver to the U.S. Marshals Service all the paperwork necessary for the U.S. Marshals Service to effect service upon Defendant.  If the complaint is not served within 60 days after the date the summons is issued, plaintiff should request an extension of time for service.  *See*

*Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Finally, while the Court understands plaintiff's frustration at the delay in resolving his case, it is important that service be properly effected before a decision can be made on his motion for summary judgment or default judgment. It is not clear to the Court that the defendant has ever been given notice of this lawsuit and an opportunity to defend against the allegations (that is, it is not clear that defendant has been properly served). There are now currently four motions for summary judgment and/or motions for default judgment pending, none of which may have been properly served. In order to ensure that the docket is clear and to avoid duplication, the Court hereby directs the Clerk of Court to close the motions at Docket No. 39 (filed on January 17, 2024), Docket No. 47 (filed on January 31, 2024), and Docket No. 48 (filed on March 18, 2024) and mark them all "denied without prejudice to renewal." The motion filed on May 1, 2024 – a motion for summary judgment or default judgment – will remain open on the docket.

## CONCLUSION

The Clerk of Court is instructed to issue a summons, complete the USM-285

3

form for Defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service who shall serve defendant consistent with this Order.

**SO ORDERED.**

Dated: New York, New York
      May 3, 2024

_____
JAMES L. COTT
United States Magistrate Judge

4