UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUNIOUS NIELSEN,

                Plaintiff,

-against-

J.C. PENNY COMPANY, INC.,

                Defendant.

23-CV-5619 (JGLC)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

JESSICA G. L. CLARKE, United States District Judge:

    On June 30, 2023, Plaintiff Junious Nielsen ("Nielsen") filed this action alleging a violation of the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4301 *et seq.* ECF No. 1. After Nielsen filed a motion to dismiss his own complaint (ECF No. 64) and failed to appear for a conference regarding that motion (ECF Nos. 66, 67), he was ordered to show cause why this action should not be dismissed pursuant to Rule 41 of the Federal Rules of Civil Procedure. ECF No. 68. Nielsen failed to appear or otherwise prosecute the action thereafter (ECF No. 69), and Magistrate Judge Henry J. Ricardo issued a Report and Recommendation (the "R&R") on March 20, 2025. ECF No. 70. In the R&R, Judge Ricardo recommended that this action be dismissed, without prejudice, due to Plaintiff's failure to prosecute the action. R&R at 5–6. The Court agrees and hereby adopts the R&R in its entirety.

    In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To accept those portions of the report to which no timely objection has been made, however, a district court need only satisfy itself that there is no clear error on the face of the record. *See, e.g., Wilds v. United Parcel Serv.*, 262 F.

Supp. 2d 163, 169 (S.D.N.Y. 2003). This clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments. *See, e.g.*, *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

In the present case, the Report and Recommendation advised the parties that they had fourteen days from service of the Report and Recommendation to file any objections, and warned that a failure to timely file such objections would result in waiver of any right to object. *See* R&R at 5–6. In addition, the Report and Recommendation expressly called Nielsen's attention to Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). *Id.* Nevertheless, as of the date of this Order, no objections have been filed and no request for an extension of time to object has been made. Accordingly, Nielsen has waived the right to object to the Report and Recommendation or to obtain appellate review. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *see also Caidor v. Onondaga County*, 517 F.3d 601 (2d Cir. 2008).

Despite the waiver, the Court has reviewed underlying motion and the Report and Recommendation, unguided by objections, and finds the Report and Recommendation to be well reasoned and grounded in fact and law. In addition, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and *in forma pauperis* status for any such appeal is thus denied. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). Accordingly, the Report and Recommendation is ADOPTED in its entirety.

The Clerk of Court is respectfully directed to terminate ECF No. 64, mail a copy of this Order to Plaintiff, and to close the case.

Dated: April 30, 2025
      New York, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L.CLARKE
United States District Judge

2